# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Matthew Houston,

      Plaintiff

v.

Jerry Howell, et al.,

      Defendants

Case No.: 2:19-cv-01371-JAD-DJA

**Order Screening
Complaint and Denying Motions**

[ECF Nos. 14, 15, 16, 22]

Plaintiff Matthew Houston brings this civil-rights action under 42 U.S.C. § 1983, claiming that his civil rights were violated over the course of several years. Because Houston applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I dismiss the claims against Casa Grande and the Clark County Detention Center with prejudice, and I dismiss the remainder of the complaint without prejudice and with leave to amend. I also defer a decision on the application to proceed *in forma pauperis* and deny the pending motions.

## Background

**A.    Plaintiff's factual allegations**[2]

Plaintiff Houston was in the custody of the Clark County Detention Center and the Nevada Department of Corrections between 2016 and 2019.[3]  He includes allegations relating to a variety of matters. He appears to allege that he was denied mental-health court, maliciously prosecuted and wrongfully convicted, denied transitional housing at Casa Grande, held months

---

[1] ECF No. 13.

[2] These facts are taken from the plaintiff's allegations and are not intended as findings of fact.

[3] ECF No. 1-1 at 1.

past his parole eligibility date, denied parole because he was homeless, and not accommodated under the Americans with Disabilities Act.  He also claims that he did not receive responses to his grievances as required by administrative regulations.[4]

**B.      Plaintiff's causes of action**

Houston sues Warden Jerry Howell, James Dzurenda, "Childers/Hernandez," "Casa Grande," and Clark County Detention Center ("CCDC").[5]  He alleges violations of his rights under the Eighth and Fourteenth Amendments of the United States Constitution, the Americans with Disabilities Act, and Article I, § 8 of the Nevada Constitution.[6]  He seeks monetary damages.[7]

**Discussion**

**A.      Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[8]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[9]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who

---

[4] *Id.* at 3–6.

[5] *Id.* at 2–3.

[6] *Id.* at 4–6.

[7] *Id.* at 9.

[8] *See* 28 U.S.C. § 1915A(a).

[9] *See* 28 U.S.C. § 1915A(b)(1)(2).

are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[10]

Dismissal with prejudice for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[11]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[12]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[13] but a plaintiff must provide more than mere labels and conclusions.[14]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[15]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16]

**B.     The CCDC and Casa Grande are improper defendants.**

A building, such as a jail or prison facility, is not subject to a civil-rights suit,[17] so plaintiff cannot sue CCDC or Casa Grande.  I therefore dismiss the claims against CCDC and Casa Grande with prejudice because amendment would be futile.

---

[10] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[11] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[12] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[13] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[16] *Id.*

[17] *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011).

**C.    Because he has not specifically described what each individual defendant did, Houston has not stated a plausible claim against any defendant.**

Nor can a plaintiff maintain a civil-rights claim against a defendant who did not personally participate in the alleged deprivation of a constitutional right.  A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."[18] "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[19]  This means that a person may not be held liable merely because he is the warden or the prison director at the time someone else violated the plaintiff's rights.  Thus, if a plaintiff has not alleged facts sufficient to show that a particular defendant violated a particular constitutional right, the plaintiff has not stated a claim against that defendant.  Because Houston's complaint lacks facts to show what any particular defendant did, he has not stated a colorable § 1983 claim against any defendant.

**D.    Section 1983 civil-rights claims cannot be based on state-law violations.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated.[20]  Section 1983 does not provide a cause of action for violations of state law.[21]  Plaintiff's state constitutional claim therefore may not be the basis of a § 1983 claim.  Although this court does not generally have original jurisdiction over state-law claims involving only residents of Nevada, it may choose to exercise supplemental jurisdiction over a plaintiff's state-law claims provided that they "are so related to claims in the

---

[18] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

[20] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[21] *See Galen v. County of Los Angeles,* 477 F.3d 652, 662 (9th Cir. 2007).

4

action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[22]  However, because I am dismissing the federal claims, I decline to exercise jurisdiction over the state constitutional claim.[23]

**E.    Instructions for amendment**

In sum, I dismiss the complaint without prejudice and give Houston leave to amend.  To assist Houston in deciding whether and how to amend his complaint, I provide him with the general pleading requirements established by the Federal Rules of Civil Procedure and legal standards that may help him decide what claims, factual allegations, and defendants to include in an amended complaint.

### 1.    *Pleading requirements under the Federal Rules of Civil Procedure*

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief."[24]  "Each allegation must be simple, concise, and direct."[25]  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[26]  "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."[27]

The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action.  A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims

---

[22] 28 U.S.C. § 1367(a).

[23] *See* 28 U.S.C. § 1367(c)(3), (4).

[24] Fed. R. Civ. P. 8(d)(1).

[25] *Id.*

[26] Fed. R. Civ. P. 10(b).

[27] *Id.*

to the lawsuit when those claims are against the same defendant.  Federal Rule of Civil

Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit when the right to relief

arises out of the "same transaction, occurrence, or series of transactions or occurrences."[28]

"However, unrelated claims that involve different defendants must be brought in separate

lawsuits."[29]

For Houston, these standards mean that he may not include different claims in the same

lawsuit merely because they concern his incarceration.  Plus, the fact that different claims took

place at the same prison would not make them related.  It seems clear from the complaint that

Houston has brought unrelated claims in the same lawsuit.  Because he has not alleged facts

showing that any of the defendants participated in the any of the events that are the basis of the

claims, there is no indication that these unrelated claims involve the same defendants.  The

complaint therefore does not comply with Rule 18 and Rule 20.

So, if Houston chooses to file an amended complaint, for each claim, he must allege who

the defendant is and he must provide a short and plain statement of facts sufficient to show that

he is entitled to relief from that particular defendant.  Houston must choose which claims to

bring in this action under Rule 18 and Rule 20.  He may not include unrelated claims against

different defendants.  As a result, Houston may have to pursue claims in multiple lawsuits.

Houston may not avoid these rules merely by baselessly naming a defendant as a defendant in all

claims or by naming a warden or a prison director or the NDOC or State of Nevada as a

---

[28] Fed. R. Civ. P. 20(a)(2)(A).

[29] *Bryant v. Romero*, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).  If Houston needs to file multiple lawsuits to comply with this rule, he may do so by filing a new application to proceed *in forma pauperis* and a new complaint for each case.

defendant for all claims.  Houston is cautioned that failure to comply with these rules will result in dismissal of his claims.

### 2. *Overcoming the Heck Bar*

In *Heck v. Humphrey*,[30] the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[31]  "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983."[32]  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the *fact* or *duration* of his confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction and period of confinement already has been invalidated by a court.[33]  Because Houston's complaint includes claims that challenge the fact and duration of Houston's confinement, if he chooses to include any of these claims in an amended complaint or in another action, he must allege facts sufficient to show that the conviction and duration of his confinement already have been invalidated by another court.

---

[30] *Heck v. Humphrey*, 512 U.S. 477 (1994).

[31] *Id*. at 486–87.

[32] *Id*. at 487.

[33] *Id*.; *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2013).

7

### 3.      *Pleading a due-process claim*

Houston alleges violations of the due-process clauses of both the United States Constitution and Nevada Constitution.  The due-process clause of the Nevada Constitution is coextensive with the due-process clause of the Fourteenth Amendment.[34]  Therefore, if Houston chooses to amend his complaint to include due-process claims, the analysis of those claims will the same for both state and federal due-process claims.

Houston must also bear in mind that prisoners have no due process rights to the handling of grievances in any particular manner.[35]  Therefore, he will not be able to state a colorable claim based merely on the grievance process.  Standard due-process analysis requires the existence of a liberty or property interest.[36]  When there is such a liberty interest or property interest, the only other issue is whether the defendant deprived the plaintiff of that interest without the constitutionally required procedures.[37]  Allegations that a defendant violated state or local procedures and regulations are not sufficient to state a claim for violation of the Fourteenth Amendment's due-process clause.[38]  Therefore, Houston will be required to allege facts sufficient to show a liberty interest and the denial of specified constitutionally required

---

[34] *Wyman v. State,* 217 P.3d 572, 578 (2009); *Williams v. State*, No. 65761, 2015 WL 4712111, at *4 (Nev. App. July 31, 2015).

[35] *See Mann v. Adams*, 640 (9th Cir. 1988) (holding that a state's unpublished policy statements establishing a grievance procedure do not create a constitutionally protected liberty interest because there is no legitimate claim of entitlement to a grievance procedure); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (recognizing that inmates lack a separate constitutional entitlement to a specific prison grievance procedure and holding that there is no liberty interest entitling inmates to a specific grievance process); *Patterson v. Kane*, No. 06-15781, 2006 WL 3698654, at *1 (9th Cir. Dec. 13, 2006) (recognizing that denial of a grievance does not rise to the level of a constitutional violation).

[36] *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

[37] *Id.* at 219–20.

[38] *Id.* at 222.

procedural protections.  When a person already has been convicted and is serving a sentence, the liberty interests at stake are very limited.  If a prisoner is not challenging disciplinary measures imposing atypical conditions of confinement, he must allege facts sufficient to show that the state's action "will *inevitably* affect the duration of his sentence." [39]

### 4.   *Pleading a claim for violating the Fourteenth Amendment's equal-protection clause*

To state an equal-protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment.[40]  Conclusory allegations of motive are insufficient; specific, non-conclusory factual allegations are required.[41]  Mere indifference to the effects of a decision on a particular class does not give rise to an equal protection claim.[42]

Neither disabled people nor homeless people are protected classes.[43]  It therefore appears that any claim Houston is bringing is a class-of-one equal-protection claim.  In *Village of Willowbrook v. Olech*, the Supreme Court explicitly addressed "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not

---

[39] *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995) (emphasis added).

[40] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

[41] *Jeffers v. Gomez*, 267 F.3d 895, 913–14 (9th Cir. 2001).

[42] *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

[43] *Doe v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) ("For the purposes of equal protection analysis, the disabled do not constitute a suspect class."); *Batiste v. Williams*, No. 2:11-CV-01291-PMP, 2012 WL 221912, at *2 (D. Nev. Jan. 25, 2012).

1    allege membership in a class or group."[44]  The Supreme Court "recognized successful equal

2    protection claims brought by a 'class of one,' where the plaintiff alleges that she has been

3    intentionally treated differently from others similarly situated and that there is no rational basis

4    for the difference in treatment."[45]  It reasoned that "the purpose of the equal protection clause of

5    the Fourteenth Amendment is to secure every person within the State's jurisdiction against

6    intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by

7    its improper execution through duly constituted agents."[46]

8           Despite acknowledging the class-of-one theory of equal protection, the Supreme Court

9    has held that the theory applies only in certain limited circumstances—and not when the state

10   actions "by their nature involve discretionary decisionmaking based on a vast array of subjective,

11   individualized assessments."[47]  "[A]llowing a challenge based on the arbitrary singling out of a

12   particular person would undermine the very discretion that such officials are entrusted to

13   exercise."[48]  The Supreme Court has recognized that the problem with allowing class-of-one

14   claims to proceed when government officials are necessarily making subjective, individualized

15   decisions is that the government will be forced to defend a multitude of such claims and courts

16   will be obliged to go through them in search of the rare needle in a haystack.[49]  Thus, a person

17

18   [44] 528 U.S. at 564.

19   [45] *Id.*; *see also Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008) (recognizing that an
     equal-protection claim may be maintained in some circumstances even if the plaintiff does not
20   allege class-based discrimination "but instead claims that she has been irrationally singled out as
     a so-called 'class of one'").

     [46] *Id.*

21   [47] *Engquist*, 553 U.S. at 603 (holding that the class of one theory does not apply in the public
     employment context); *see also Towery v. Brewer*, 672 F.3d 650, 660–61 (9th Cir. 2012).
22
     [48] *Id.* at 604 (recognizing that a traffic officer does not violate the Equal Protection Clause
23   merely by giving tickets to only some speeding drivers).

     [49] *Id.* at 608–09.

cannot state an equal-protection claim merely by dividing all persons not injured into one class and alleging that they received better treatment than he did.[50]  The Fourteenth Amendment's Equal Protection Clause does not require that states treat all persons within their borders identically.[51]  To state a "class-of-one" equal protection claim, the plaintiff must allege facts sufficient to identify the group of individuals with whom he is similarly situated, identify the allegedly intentional and disparate treatment, and allege that there was no rational basis for the different treatment.[52]

### 5.  *Pleading an ADA violation*

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[53]  The ADA applies in the prison context.[54]  To state a claim for disability discrimination under Title II, a plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or

---

[50] *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

[51] *See McGowan v. Maryland,* 366 U.S. 420, 425 (1961) ("the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others" so long as the classification does not rest on grounds "wholly irrelevant to the achievement of the State's objective").

[52] *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011); *Chappell v. Bess*, No. 2:01-CV-01979 KJN P, 2012 WL 3276984, at *19–21 (E.D. Cal. Aug. 9, 2012).

[53] 42 U.S.C. § 12132.

[54] *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010).

discrimination was because of the plaintiff's disability.[55]  Exclusion of a disabled person from a program or service based on irrational or disruptive behavior or based on a propensity to engage in improper behavior is not categorical discrimination *because of* that disability even if the behavior is caused by the disability.[56]

Although the ADA does not expressly provide for reasonable accommodations, the implementing regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."[57]  The Supreme Court has held that a prisoner may state an ADA claim based on the "alleged *deliberate refusal* of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs."[58]  The ADA defines an individual with a disability as someone who has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."[59]

### 6.   *Pleading a claim for malicious prosecution*

Malicious prosecution is not a violation of the Eighth Amendment.  And, by itself, malicious prosecution does not constitute a constitutional violation.  To prevail, a plaintiff must

---

[55] *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

[56] *Id.* at 894 n.4; *Kula v. Malani*, 539 F.Supp.2d 1263 (D. Haw. 2008).

[57] 28 C.F.R. § 35.130(b)(7).

[58] *United States v. Georgia*, 546 U.S. 151, 157 (2006) (emphasis added).

[59] 42 U.S.C. § 12102(1)(A).

1  show that the defendants prosecuted him with malice and without probable cause, and that they

2  did so for the purpose of denying him equal protection or another specific constitutional right.[60]

3         **7.   *Further instructions for amendment***

4         Houston has leave to file an amended complaint.  If Houston chooses to file an amended

5  complaint, he is advised that an amended complaint supersedes (replaces) the original complaint,

6  so the amended complaint must be complete in itself.[61]  He must file the amended complaint on

7  this court's approved prisoner-civil-rights form, and it must be entitled "First Amended

8  Complaint."  Houston must follow the instructions on the form.  He need not and should not

9  allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he

10 should allege **facts** sufficient to show what **each** defendant did to violate his civil rights.  As

11 discussed above, he also must comply with the Federal Rules of Civil Procedure.  He may not

12 attempt to reassert claims against the CCDC or Casa Grande because they are buildings.

13 **Houston must file the amended complaint by June 22, 2020.**

14 **F.   Pending motions [ECF Nos. 14, 15, 16, 22]**

15        Houston has filed a motion for submission of proof.[62]  I deny that motion because it is

16 premature.  The time for producing proof will not come until after Houston has stated colorable

17 claims, screening is complete, and discovery has concluded.

18

19

20 [60] *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc* (Dec. 29, 1995).

21 [61] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir.

22 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896,

23 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[62] ECF No. 14.

Houston has also filed a document that appears to be a request to attach to his complaint documents related to a variety of his cases.[63]  I deny this motion.  A plaintiff may not amend a complaint merely by filing documents he wishes to attach.  He also must comply with the joinder rules discussed above.

Finally, Houston filed a "motion for the recognition of cognizability within all complaint," which appears to be a motion to consolidate this case with four other cases.[64] Houston then filed another motion seeking consolidation.[65]  Under Rule 42(a) of the Federal Rules of Civil Procedure, if actions before the court involve a common question or fact, the court may consolidate the actions.  If the court determines that common questions are present it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result.[66]  Whether actions should be consolidated under Rule 42(a) is a matter within the trial court's discretion.[67]

I deny the motions to consolidate.  Three of the cases that Houston wishes to consolidate are habeas cases, not § 1983 cases.[68]  Habeas cases are subject to distinct procedural rules. Furthermore, as discussed above, it is apparent that success in some of habeas matters will be a prerequisite to stating a claim in a § 1983 action.  Therefore, I will not consolidate the habeas cases with this § 1983 action.

---

[63] ECF No. 16.

[64] ECF No. 15.

[65] ECF No. 22.

[66] *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984).

[67] *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.,* 877 F.2d 777 (9th Cir. 1989).

[68] *See* 2:19-cv-01360-RFB-VCF; 2:19-cv-01740-APG-BNW; 2:19-cv-01475-GMN-EJY.

I also will not consolidate Houston's other § 1983 action[69] with this § 1983 action. Although it is difficult to tell whether there is a common question of law or fact, it is clear that consolidation would result in inconvenience and confusion. The other § 1983 action contains multiple defendants and claims that do not appear related to most of the claims in this action. And it appears likely that Houston has improperly joined claims in the complaint in the other § 1983 action as he has in this case. Consolidating actions that already appear to be improperly joining claims is likely to create greater confusion and make the cases even more unwieldy for both the court and the parties.

## Conclusion

IT IS THEREFORE ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 13) is deferred.

IT IS FURTHER ORDERED that:

- The claims against Clark County Detention Center and Casa Grande are dismissed with prejudice because amendment would be futile;

- The remainder of the complaint is DISMISSED with leave to amend by June 22, 2020;

- If plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order, and the screening process will take <u>many months</u>. **If plaintiff does not file an amended complaint by June 22, 2020, this action will be dismissed.**

---

[69] *See* 2:19-cv-01472-APG-DJA.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **FILE** the complaint (ECF No. 1-1); and

- **SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that:

- Plaintiff's motion for submission of proof **[ECF No. 14] is DENIED**;

- Plaintiff's motion to attach documents to his case **[ECF No. 16] is DENIED**;

- Plaintiff's remaining motions **[ECF Nos. 15, 22] are DENIED**, including the requests for consolidation of cases.

Dated: May 20, 2020

_____
U.S. District Judge Jennifer A. Dorsey